IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

VELDA BRADFORD                                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:18-CV-123-DAS

COMMISSIONER OF SOCIAL SECURITY                                      DEFENDANT

ORDER DIRECTING
PAYMENT OF ATTORNEY FEES

Velda/Valda Bradford[1] filed this civil action on May 25, 2018, appealing the Commissioner's denial of disability benefits. This court reversed the decision of the Commissioner and on May 23, 2019, remanded the case to the Social Security Administration for further proceedings. On July 3, 2019, this court granted plaintiff an award of attorney's fees totaling $5,076.54 under the Equal Access to Justice Act (EAJA) for 25.5 hours of attorney time.

Counsel for plaintiff has now filed the instant motion for attorney's fees under 42 U.S.C. § 406(b)(1). The plaintiff was successful on remand in obtaining an award of past-due benefits and seeks an award of attorney's fees for services performed in this court. The Social Security Commission has withheld twenty-five percent of the past-due benefits or a total of $17,767.00. Of this sum, plaintiff's counsel has been, or will be, awarded the maximum fee for services on the administrative level of $6,000.00. From the remaining balance of $ 11,767.00 counsel seeks to recover a total of $6,690.46, which represents the balance of the potential contracted fee, after offsetting the EAJA fee award. With this offset the amount of the EAJA fees would then flow to the plaintiff through the Commissioner.

---

[1] Both names appear in the record.

The Commissioner points out that the court must determine if the claim for the full twenty-five percent fee is a reasonable fee. The Commissioner objects to the proposed offset of the EAJA fees before calculating the § 406(b) fees. The Commissioner insists, not for the first time, that counsel must be awarded the full amount withheld and the court should order plaintiff's counsel to reimburse Bradford for the EAJA fees.

In the plaintiff's reply, counsel suggests that the offset accomplishes the same thing and the requirement of paying counsel and having counsel reimburse the plaintiff is needless.

### Timeliness of Application for Fees

The Commissioner has not challenged the timeliness of the motion. The Commissioner issued the Notice of Award on August 24, 2020. Plaintiff's counsel file the instant motion one week later, on August 31, 2020. The court is satisfied that the motion is timely filed. *Moore v. Astrue*, Civ. No. 1:12-cv-269-DAS, 2016 WL 1736929, 228 Soc.Sec.Rep.Serv. 434 (N.D. Miss. Apr. 26, 2016).

### Reasonableness of Fee Request

Under § 406(b), when a court "renders a judgment favorable to a claimant ... who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)). "A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case." *Bays v. Comm'r of Soc. Sec.*, No. 3:15CV00053-JMV, 2017 WL 6499248, at *1 (N.D. Miss. Dec. 19, 2017) citing *Giesbrecht v. Barnhart,* 535 U.S. 789, 807-08 (2002).

The court now turns to whether the amount requested is proper. The plaintiff contracted to provide her attorney twenty-five percent of her back-payment benefits. The contract provides that the attorney would receive any award of EAJA fees. The parties also contracted, in the event of an EAJA award and an attorney fee from past-due benefits, that the plaintiff would be credited or refunded the lesser of the two fees.

Bradford's attorney requests a total of $6,690.46 from fees withheld from the agency from Plaintiff's past-due benefits. That amount plus the $5,076.54 EAJA award, results in a total fee award for work before this court of $ 11,767.00 for 25.5 hours work. This yields an effective hourly rate of $ 461.45. While this hourly rate is higher than the average hourly rate for Mississippi attorneys, it is still within the range of the hourly rates charged within this state.[2]

Plaintiff's counsel, who specializes in the representation of Social Security claimants, has provided her client with capable, prompt, and successful representation in this court. There is always substantial risk of loss in Social Security appeals due to the "substantial evidence" standard for review. *Jeter v. Astrue*, 622 F.3d 371, 379, n. 9 (5th Cir. 2010). Furthermore, even when successful, counsel may work on a case for years before seeing any compensation. Considering the difficulty and complexity involved in Social Security appeals and the above factors, the court finds that the requested fee is reasonable.

**Offset v. Reimbursement**

The Commissioner objects to the request that the EAJA fees awarded be offset against the § 406(b) fee award, insisting that the full amount of fees be awarded to the plaintiff's counsel, who must then reimburse the plaintiff for the EAJA fees. The Commissioner argues

---

[2] The Mississippi Bar's 2018 economic survey of lawyers, which is the most recent available, shows that almost 64% of Mississippi attorneys were charging between $150.00 and $250.00 per hour, but 3.32% charged over $ 400.00 per hour. Msbar.org/media/4483/2018-economic-survey-report.pdf.

that the grant of a "net" fee is inappropriate "because EAJA fees are paid out of Agency funds and § 406(b) fees are paid out of Plaintiff's past-due benefits. (Dkt. 28, p 4. Defendant's Response). The Commissioner cites Tenth Circuit case law which has ruled that EAJA fees and fees available under § 406 are two different fees which must be awarded separately. *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). The Tenth Circuit has held that "it is more appropriate for counsel to make the required refund to his client, rather than delegate the duty to the Commissioner." *McGraw v Barnhart,* 450F.3d 493, 497, n..2. (10th Cir. 2006).

While it is certainly appropriate for counsel to receive the full § 406(b) award and then reimburse the plaintiff, this court disagrees that the alternative is inappropriate. The different sources of the two types of attorney fees is not currently significant in this case. Because an award of EAJA attorney fees shifts at some, or all, of the costs of federal court representation from the plaintiff to the agency, "the client has a very real interest in having EAJA fees pursued." *Moore,* 2016 WL 1736929, n.4. For that reason, this court has previously noted its serious hesitation to make a full §406 (b) award, in the absence of an EAJA fee award. Any attorney, who fails to protect the client's interest by pursuing an appropriate EAJA fee award, should be aware of the likelihood of having the § 406(b) attorney fees denied or reduced by the amount that could have been paid by the agency pursuant to EAJA. *Id.*

But such is not the case here. Counsel sought and obtained the EAJA fee award and proposes an offset of the EAJA fees against the § 406(b) fee award. A claimant's attorney may either reduce a § 406(b) claim by the amount of EAJA fees, or may receive both fees, but must then refund the smaller of the two fees to the plaintiff. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 2173 (11th Cir. 2010) ("Regardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his § 406(b) fee request, the purpose of the

Savings Provision is fulfilled—the attorney does not get a double recovery."). The plaintiff's counsel's proposed method accomplishes the same result as the Commissioner's proposed method, with the added benefit of transparency.

Furthermore, the Commissioner must as a matter of routine return unclaimed attorney fees to many successful claimants.  In this court's experience, it is very rare for an attorney for a prevailing claimant to omit an application for EAJA fees.  But § 406 (b) fee applications are substantially rarer than EAJA fee petitions.  One explanation for the comparative rarity of § 406(b) motions is that while the plaintiff is entitled to the smaller of the two fees, where the smaller of the two fees is the possible contingent fee, the attorney will simply not apply to this court for the fee.  Such an application would be an act of futility benefitting no one.  What does the Commissioner do in such circumstances?  The answer is obvious—the claimant receives the portion of the withheld fees directly from the agency.  Additionally, if the attorney seeks § 406(b) fees, but is denied, in whole or in part, by the court, it then falls to the Commissioner to return the withheld funds to the plaintiff.  The court is unpersuaded that there is any impropriety in delegating the responsibility for releasing the funds not claimed by counsel to the plaintiff.

**IT IS, THEREFORE, ORDERED**, that the Commissioner of the Social Security Administration shall pay attorney fees in the amount of $ 6,690.46 to plaintiff's counsel, less its administrative fees.  The Commissioner is directed to pay the balance of the withheld sums to the plaintiff.

**SO ORDERED**, this the 9th day of October, 2020.

/s/ David A. Sanders  
U.S. MAGISTRATE JUDGE